UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 3:20-cv-00007-jdp

| | |
|---|---|
| June Schindler, on behalf of herself and all o[f] similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Royal Credit Union,<br><br>　　　　　　Defendant. | **AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681 et seq. and 28 U.S.C §§ 1331 and 1367.

## PARTIES

2. Plaintiff June Schindler (hereinafter "Plaintiff") is a natural person who resides in the County of Chippewa, State of Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant Royal Credit Union ("Defendant") is a credit union incorporated under the laws of Wisconsin  Defendant is a regular user of consumer reports under the Fair Credit Reporting Act ("FCRA"), and is restricted by the FCRA as to whose consumer reports it accesses.  As a business conducting affairs within the United States generally, and Wisconsin specifically, Defendant is deemed to know what is lawful and what is unlawful under US and Wisconsin laws. *Barlow v. United States*,

1

(1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker*, 472 U.S. 115, 130 (1985)("all citizens are presumptively charges with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin LP*, 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458, 649 N.W.2d 626 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine"). Defendant is a "person" as defined at 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

4. Prior to 2005, Plaintiff obtained a home loan that was later assigned by the original lender to Defendant.

5. The loan was repaid prior to 2007.

6. Prior to 2005, Plaintiff obtained a car loan, that was later assigned by the lender to Defendant.

7. Plaintiff returned the collateral securing the loan to Defendant prior to 2007.

8. By operation of Wisconsin law, the six-year statute of limitations on any obligation Plaintiff had to Defendant to repay any amount of money under either of the above accounts expired in 2013. Wis. Stat. § 893.43 (claim for breach of contract subject to six-year statute of limitations).

9. Under long established Wisconsin law, upon the expiration of statute of limitations on a contract, both the right and remedy are destroyed. That not only a creditor's access to judicial process is eliminated, but the underlying debt itself is extinguished. *See Sprecher v. Wakeley*, 11 Wis. 432, 411 (Wis. 1860); *Aicher v.*

*Wisconsin Patients*, 2000 WI 98, ¶ 46, 237 Wis.2d 99, 124, 613 N.W.2d 849 (Wis. 2000); Wis. Stat. § 893.05 ("when the prior within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy.").

10. In October 2018, Plaintiff received a copy of her consumer report from Trans Union dated October 7, 2018.

11. At no time in the years 2016, 2017, 2018 and 2019, did Plaintiff have any credit relationship, make any application for credit, or have any open credit account with Defendant.

12. In 2016, 2017, 2018 and again in 2019, Defendant illegally obtained and used Plaintiff's personal credit information from Trans Union LLC ("Trans Union"), in violation of 15 U.S.C. §1681b.

13. Defendant intentionally misrepresented to Trans Union, that Plaintiff had an existing credit relationship with it and was attempting to conduct "account reviews" inquiries which resulted in Trans Union again releasing highly confidential and sensitive information concerning Plaintiff.

14. Defendant's illegal obtaining and using of Plaintiff's Trans Union credit report resulted in nine different inquiries on Plaintiff's Trans Union credit report between December 2016 and September 2018, in violation of 15 U.S.C. § 1681b.

15. As has been confirmed in Defendant's document production in this case Defendant had purchase and set up a product from Trans Union called Portfolio

      Review that allowed for obtaining credit reports/credit data on its current and former customers.

16. The Trans Union Portfolio Review system provided credit data, credit scoring data and therefor credit reports on a quarterly basis.

17. Then again in October of 2019, Plaintiff received a copy of her consumer report from Tran Union dated September 30, 2019.

18. Defendant's illegal obtaining and using of Plaintiff's Trans Union credit report resulted in multiple different inquiries on Plaintiff's Trans Union credit report between December 2017 and September 2018 – according to Defendant's records there were illegal inquiries on the following dates:

    - March 6, 2017
    - June 5, 2017
    - September 7, 2017
    - December 7, 2017
    - March 1, 2018
    - June 7, 2018
    - September 4, 2018

    all in violation of 15 U.S.C. § 1681b.

19. The information assembled by Trans Union about Plaintiff constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a

consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living…" 15 U.S.C. § 1681a(d)(1).

20. The information assembled by Trans Union about Plaintiff constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties…" 15 U.S.C. § 1681a(d)(1).

21. The information retrieved from Trans Union by Defendant about Plaintiff constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

22. Defendant is required by the FCRA to adopt and maintain procedures designed to prevent the access of information contained in any "consumer report," unless Defendant had a permissible purpose to do so.

23. Defendant did not have any permissible purpose to access Plaintiff's consumer credit report as maintained by Trans Union.

24. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as there is no "credit transaction" or credit application" initiated by Plaintiff, and no "business transaction" was initiated by Plaintiff.

25. The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

26. Defendant is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

27. Defendant unlawfully retrieved a copy of Plaintiff's consumer report as maintained by Trans Union.

28. Defendant misrepresented to Trans Union that it had a permissible purpose to obtain and use Plaintiff's consumer report in order to receive it and therefore did in fact obtain it through false certification, false pretext and false premise.

29. The referenced inquiries have become a permanent component of Plaintiff's consumer report and is reported to those who ask to review the credit history of Plaintiff.

30. Defendant agreed and represented in its agreements with the carious credit reporting agencies that Defendant would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under 15 U.S.C. § 1681b.

31. Defendant is and was required by 15 U.S.C. §§ 1681b, 1681n and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses, or without a legal basis.

32. At no time since 2008 did Plaintiff have a relationship with Defendant of the kind specified under § 1681b(a)(3)(A)-(F).

33. At no time since 2008 did Plaintiff give written instructions to Defendant to obtain and/or release to a third party a consumer report, of which Plaintiff was the subject.

34. Defendant has never been ordered by a court of competent jurisdiction to obtain a copy of Plaintiff's consumer credit report pursuant to 15 U.S.C. § 1681b(1).

35. Defendant has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

36. Reasonable procedures for users include restricting the ability of Defendant's agents, contractors, and employees to obtain consumer reports on consumers for any impermissible purpose.

37. Sometime time after September 4, 2018, Defendant eliminated Plaintiff's account from the portfolio review process thereby ceasing its illegal inquiry campaign.

38. Defendant's illegal, unlawful, and impermissible acquisitions of Plaintiff's consumer credit report violates Plaintiff's privacy rights under the FCRA as outlined and described in *Rogers v. Wells Fargo Bank, N.A.,* 2020 WL 1081721 (N.D. Ill 2020) and the cases cited therein.

39. Defendant's actions have impaired Plaintiff's future access to credit.

40. As a result of Defendant's actions and omissions, Plaintiff has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

41. As a result of Defendant's illegally obtaining and using of Plaintiff's Trans Union credit reports, Plaintiff's privacy has been invaded.

## CLASS ALLEGATIONS

42. Plaintiff brings this action individually and as a class action.

43. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify a class:

> *All persons whose consumer reports were obtained and/or used by Defendant from December 18, 2017, through to the present, when at the time the consumer report was obtained/used by Defendant, these persons did not have a credit relationship with Defendant and/or the persons accounts were discharged in bankruptcy and/or closed or settled with a zero balance.*

44. The class consists of primarily of persons who at some point had an account with Defendant, and those accounts were either discharged in bankruptcy, closed with a zero balance, or settled in full or paid in full and therefore did not have a credit relationship with Defendant at the time of the consumer report access.

45. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has unlawfully accessed the credit files of hundreds of consumers in the United States.

46. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendant's conduct in connection with unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FCRA.

47. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendant.

48. The Plaintiff will fairly and adequately protect the interests of the class and is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions of this type and consumer claims. Neither Plaintiff nor her counsel has any interest which might cause them not to vigorously pursue this claim.

49. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq*.

52. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

53. Defendant lacked a permissible purpose in accessing Plaintiff's credit report, consumer report, credit history and credit score information stored on Trans Union's database in violation of 15 U.S.C. § 1681b(f).

54. As a result of Defendant's violation of 15 U.S.C § 1681b(f), Plaintiff and the class have suffered real injury in this invasion of their private financial and credit score history in an amount to be determined at trial.

55. Defendant's conduct, actions and inactions were willful, rendering it liable for statutory damages between $100 and $1,000 and punitive damages in an amount

to be determined pursuant to 15 U.S.C. § 1681n.

56. As a direct and proximate result of Defendant's conduct as outlined above, Plaintiff and the class are entitled to an award of statutory damages, such amount of punitive damages as the Court may allow, and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

## COUNT II.

## VIOLATION OF THE WISCONSIN PRIVACY STATUTE

57. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

58. Defendant willfully and/or negligently violated provisions of Wis. Stat. § 995.50.

59. Defendant's violations include, but are not limited to the following:

   (A) Defendant violated Wis. Stat. § 995.50 by accessing Plaintiff's consumer credit report and file.

60. As a result of the above violations Wis. Stat. § 995.50, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, punitive damages, costs and disbursements, and reasonable attorney's fees, along with any appropriate injunctive relief.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- certifying the action as a class;
- awarding appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- costs and reasonable attorney's fees pre and post judgment pursuant 15 U.S.C. §1681 *et seq.*;
- an order enjoining the Defendant from further violations of State and Federal law, relative to the Defendant's accessing of Plaintiff's consumer credit reports;
- any other appropriate declaratory and/or injunctive relief; and

- for such other and further relief as may be just and proper.

Dated this 20th day of April 2020.

                By: s/Thomas J. Lyons Jr.

Eric L. Crandall, Esq.
WI Attorney I.D. # : 1001833
CRANDALL LAW OFFICE S.C.
421 West Second Street
P.O. Box 27
New Richmond, WI  54017
Telephone:  715-243-9996
Facsimile:  715-246-3793
wisconsinconsumerlaw@frontier.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. # 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com

*Counsel for Plaintiff*