# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| June Schindler,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Royal Credit Union,<br><br>　　　　　　Defendant. | Case: 3:20-cv-00007-jdp<br><br>**ORDER FOR FINAL APPROVAL** |

The above matter came before the undersigned, Honorable James D. Peterson, United States District Court Judge, upon Plaintiff's undisputed motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for final approval of the proposed class action settlement ("Proposed Settlement") as set forth in a Settlement Agreement dated December 4, 2020 (Doc. 17-1 "Agreement") and Addendum dated March 11, 2021 (Doc. 20-1). All capitalized terms in this Order shall have the meanings given them in the Agreement.

Plaintiff was represented by counsel Thomas J. Lyons, Jr. of the Consumer Justice Center, P.A. ("Plaintiff's Counsel"). Defendant was represented by counsel Christopher R. Morris and Patrick Newman of Bassford Remele P.A.

On or about September 22, 2020, after extensive arm's length negotiations, presided over by the Court, Plaintiff and Defendant (or, when referred to jointly with Plaintiff, the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.

On December 8, 2020, the Parties filed the Agreement, along with a Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, more than ninety (90) days prior to the Fairness Hearing, on December 17, 2020, counsel for the Defendant served written notice of the proposed class settlement on the appropriate federal and state officials. Counsel further served follow up notices on certain appropriate state officials after learning that certain class members now reside in states not initially included, which notices were also served more than ninety (90) days prior to the January 7, 2022 Fairness Hearing. (Doc. 29.)

On August 18, 2021, upon consideration of the Renewed Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (Doc. 27, hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit and with June Schindler as the Class Representative; (ii) preliminarily approved the proposed settlement; (iii) provided until December 10, 2021 to file a motion for final approval and a motion for attorneys' fees; and (iv) set the date and time of the Fairness Hearing.

On December 10, 2021, Plaintiff filed a Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion") and a Motion for Attorneys' Fees.

On January 7, 2022, a Fairness Hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, and record.

**IT IS HEREBY ORDERED** that:

1. **CLASS MEMBERS.** The Court finally certifies plaintiff's class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as follows:

   *The 9,911 persons (in addition to June Schindler) included in one or more soft-pull portfolio reviews conducted by RCU from December 1, 2017, to the present, who at the time of the pull were not members of RCU, and who, according to RCU's account records, were also not subject to any current collection claims by RCU for any reason (i.e., because that person had no charged off accounts, or had one or more charged off accounts that were subject to a bankruptcy filing and/or beyond the applicable statute of limitations).*

   The foregoing is the "Settlement Class," and its members are "Class Members."

2. **CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT.** The Court finally certifies Plaintiff June Schindler as the Class Representative, and Thomas J. Lyons, Jr. as Class Counsel.

3. **NOTICES.** Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with

3

this Court's Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

4. **FINAL CLASS CERTIFICATION.** The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

   a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

   c. The claims of the Plaintiff are typical of the claims of the Class Members;

   d. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

   e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class.

6. **SETTLEMENT TERMS.** The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement. Plaintiff is awarded $5,000 as service as the class representative. The Class is awarded $335,000 *less ultimate class administration costs* to be distributed among the class members as set forth in the Agreement. Any undistributed amounts are awarded as a *cy pres* remedy to the Consumer Law Clinic of the University of Wisconsin Law School in Madison, WI.

7. **OBJECTIONS AND EXCLUSIONS.** The Class Members were given an opportunity to object to the settlement. Zero (0) Class Members objected to the settlement. One (1) Class Member made valid and timely requests for exclusion and is excluded from the class and settlement and is not bound by this Order.

8. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT.** The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. The Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

9. Class Counsel is hereby awarded $150,000 in attorneys' fees and costs.

10. Class Representative is hereby awarded $5,000 for her service to the Class.

11. The Lawsuit is hereby dismissed with prejudice in all respects.

12. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

13. The clerk of court is directed to enter judgment and close the case.

**IT IS HEREBY ORDERED**:

Dated: JANUARY 10, 2022

_____
The Honorable James D. Peterson
United States District Court